

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00283-CR

_____

ARTHUR ALBERT BURCIE, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1651374

_____

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

A jury convicted Arthur Albert Burcie, appellant, of continuous sexual abuse of a child under fourteen years of age and assessed his punishment at fifty years' confinement and no fine. *See* Tex. Penal Code Ann. § 21.02. The trial court sentenced Burcie in accordance with the verdict. The judgment, however, incorrectly reflects a $100 fine.

On appeal, Burcie argues in one issue that the trial court abused its discretion by allowing an expert to testify indirectly that the child was telling the truth. More specifically, Burcie contends that the trial court abused its discretion when it allowed the expert to opine that the child outcried while in an "active disclosure" mental state and that the child used "episodic" memory when describing one event, both of which—he asserts—presume a truthful child. Because Burcie did not object on this basis at trial, we hold that he has not preserved his complaint and overrule his issue.

Burcie also complains that the judgment incorrectly reflects that he was fined $100. We agree and modify the judgment to reflect that Burcie received no fine. We affirm the trial court's judgment as modified.

## I. Background

Because Burcie does not contest the sufficiency of the evidence and because he limits his complaint to the admission of certain testimony, we limit our discussion to the disputed evidence. The dispute centers on the testimony of Jolie Marchand, the

2

forensic examiner. Marchand described the stages of a child's disclosure and the types of memories a child relies on when making a disclosure.

Regarding the stages of disclosure, Marchand testified that when children make an outcry, the disclosure is not a one-time event but a process. Marchand described four stages: the denial stage, the active stage, the tentative stage, and the recant–reaffirmation stage. These stages are not linear, and a child can move into or out of a stage at any given time.

Marchand then went on to describe two types of memory that a child uses when making an outcry. The first type is "script memory," which is something that happened to the child many times and that can cause a child's memory to blur the events together. The second type is "episodic memory," which occurs when a child's brain has encoded a specific event and for which the child can provide more details.

Marchand then testified that when she interviewed the complainant and when the complainant described an event that had occurred during Christmas, the child was in an active stage of disclosure and was using episodic memory.

While Marchand was giving this particular testimony, Burcie objected twice. He objected once that Marchand's testimony was unresponsive. Later he objected that the State was leading the witness. On both occasions, the trial court sustained his objection, and Marchand resumed her testimony. At no point did Burcie object on the basis that Marchand was vouching for the child's veracity.

## II. Discussion

In Burcie's sole issue, he asserts that Marchand was improperly allowed to testify that the child was telling the truth. *See Kelly v. State*, 321 S.W.3d 583, 601–02 (Tex. App.—Houston [14th Dist.] 2010, no pet.). But at trial, Burcie did not object to the disputed testimony on that basis.[1]

To preserve a complaint for appellate review, the party must object on that basis and obtain an adverse ruling in the trial court. *See* Tex. R. App. P. 33.1(a)(1), (2). Burcie did neither.

We hold that he has not preserved his complaint. *See* Tex. R. App. P. 33.1; *Gonzales v. State*, No. 02-23-00311-CR, 2024 WL 3529620, at *2 n.7 (Tex. App.—Fort Worth July 25, 2024, no pet.) (mem. op., not designated for publication); *Guedea v. State*, 683 S.W.3d 549, 555 (Tex. App.—Waco 2023, no pet.); *McLeod v. State*, 693 S.W.3d 634, 644 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd). We thus overrule his sole issue.

## III. Clerical Error

Burcie has also asked this court to correct a clerical error in the judgment. The judgment incorrectly recites that he was fined $100.

---

[1]At other points during Marchand's testimony, Burcie objected that Marchand was commenting on a child's truthfulness, but he did not object to this particular testimony. On cross-examination, defense counsel underscored for the jury that Marchand's purpose—as Marchand admitted herself—was not to determine whether a child was telling the truth: "So my job is not to determine whether or not the child is being truthful, but to gather the information that the child is willing to provide."

The record shows that the jury assessed no fine and that, when sentencing Burcie, the trial court did not fine him. We may modify a judgment to make the record speak the truth. *Lusk v. State*, No. 02-23-00094-CR, 2023 WL 8268034, at *1 (Tex. App.—Fort Worth Nov. 30, 2023, no pet.) (mem. op., not designated for publication). We agree with Burcie that the judgment incorrectly reflects a $100 fine and that it should be modified to delete it.

## IV. Conclusion

Having overruled Burcie's issue but having determined that the judgment incorrectly reflects a $100 fine, we modify the judgment to reflect that Burcie received no fine, and we affirm the trial court's judgment as modified.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 27, 2024